# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SIMON LEVI BROWN,

    Appellant,

   v.

DEPARTMENT OF VETERANS
  AFFAIRS,

    Agency.

DOCKET NUMBER
AT-315H-15-0806-I-1

DATE: May 26, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Johnny Allen</u>, Columbia, South Carolina, for the appellant.

<u>Edith W. Lewis</u>, Esquire, Columbia, South Carolina, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed his probationary termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2  The agency appointed the appellant to the competitive-service position of Police Officer effective September 7, 2014.  Initial Appeal File (IAF), Tab 12 at 2.  The appointment was subject to the completion of a 1-year probationary period.  *Id*.  Effective August 27, 2015, the agency terminated the appellant for conduct unbecoming an agency police officer.  IAF, Tab 1 at 4.  The appellant then filed the instant appeal. *Id*. at 1.

¶3  The administrative judge issued an order advising the appellant that the Board may not have jurisdiction over his probationary termination appeal and informing him of the various grounds on which Board jurisdiction may exist over the appeal, including how previous Federal service can be used to show that an employee was not serving in his probationary period.  IAF, Tab 3.  The administrative judge ordered the appellant to file evidence or argument establishing a nonfrivolous allegation of jurisdiction.  *Id*. at 4.  In response to the administrative judge's order and a second order affording the appellant another opportunity to submit evidence or argument, the appellant requested a hearing and

asserted that he had more than 1 year of Federal service. IAF, Tabs 7, 11-13. Without holding the appellant's requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction, finding, among other things, that the appellant was terminated during his probationary period for post-appointment reasons and that his prior service could not be combined with his service with the agency to find that he met the statutory definition of an employee. IAF, Tab 14, Initial Decision (ID).

¶4     The appellant has filed a petition for review essentially asserting that he met the statutory definition of an employee based on his prior Federal service. Petition for Review (PFR) File, Tab 1 at 1-2. The agency has not responded to the petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5     The appellant has the burden of proving by preponderant evidence that his appeal is within the Board's jurisdiction. 5 C.F.R. § 1201.56(b)(2)(i)(A). The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985); *Gadsden v. Department of State*, 102 M.S.P.R. 79, ¶ 6 (2006). Generally, a probationary employee who is terminated for post-appointment reasons may appeal to the Board only if he alleges that the action was based on partisan political reasons or marital status discrimination. 5 C.F.R. § 315.806(a)-(b); *Gadsden*, 102 M.S.P.R. 79, ¶ 6.

¶6     As set forth above, the appellant was appointed to his position with the agency on September 7, 2014, his appointment was subject to a 1-year probationary period, and he was terminated for post-appointment reasons less than a year later. IAF, Tab 1 at 4, Tab 12 at 2. He does not allege that his termination was based on partisan political reasons or marital status discrimination. Rather, the gravamen of his argument is that his prior service with the Department of the Air Force in a term appointment, and an extension of

that term appointment, from September 10, 2012, until his resignation on July 31, 2014, should be combined with his service with the agency to find that he had completed his probationary period and therefore met the statutory definition of an employee with Board appeal rights.  PFR File, Tab 1 at 1-2; IAF, Tabs 12-13.

¶7      To qualify as an "employee," an appellant must show that he either is not serving a probationary period or has completed 1 year of current continuous service under an appointment other than a temporary one limited to a year or less. 5 U.S.C. § 7511(a)(1)(A); *Hurston v. Department of the Army*, 113 M.S.P.R. 34, ¶ 9 (2010).   An appellant who has not served a full year under his appointment can show that he has completed the probationary period, and so is no longer a probationer, by tacking on prior service if:  (1) the prior service was rendered immediately preceding the probationary appointment; (2) it was performed in the same agency; (3) it was performed in the same line of work; and (4) it was completed with no more than one break in service of less than 30 days. *Hurston*, 113 M.S.P.R. 34, ¶ 9; 5 C.F.R. § 315.802(b).   Alternatively, an employee can show that, while he may be a probationer, he is an "employee" with chapter 75 appeal rights because, immediately preceding the termination, he had completed at least 1 year of current continuous service in the competitive service without a break in Federal civilian employment of a workday. *Hurston*, 113 M.S.P.R. 34, ¶ 9.

¶8      We agree with the administrative judge's finding that the appellant did not qualify as an "employee" under chapter 75.  As determined by the administrative judge, the appellant's prior service cannot be combined with his agency service to find that the appellant completed his probationary period.  ID at 4.  The record indicates that the appellant had a break in Federal service from July 31, 2014, the date on which he resigned from the Department of the Air Force, until September 7, 2014, the date on which he was appointed to his position with the agency.  Contrary to the appellant's assertions on review, this break in service exceeded 30 days.  In addition, the service was with a different Federal agency.

Thus, the appellant has failed to show that he is no longer a probationer. In addition, the appellant has failed to show that he completed at least 1 year of current continuous service in the competitive service without a break in Federal civilian employment of a workday. Thus, the administrative judge correctly found that he does not meet the statutory definition of an employee. ID at 4.

¶9 On review, the appellant appears to renew the motion to compel discovery that he filed below. PFR File, Tab 1 at 2; IAF, Tab 9. In that motion to compel, the appellant sought information relating to the merits of the agency action and the penalty selection. IAF, Tab 9. The administrative judge stayed discovery, stating that she would address the motion to compel if she found jurisdiction over the appeal. IAF, Tab 11. We discern no error in the administrative judge's actions given the lack of Board jurisdiction over this appeal. *Bayne v. Department of Energy*, 34 M.S.P.R. 439, 443 (1987) (holding that administrative judges have broad authority in discovery matters and, absent a showing of abuse of such discretion, the Board will not substitute its judgment for that of the administrative judge concerning discovery), *aff'd*, 848 F.2d 1244 (Fed. Cir. 1988) (Table).

¶10 Thus, we affirm the initial decision dismissing the appeal for lack of jurisdiction. To the extent that the appellant is raising claims of unlawful discrimination, as the administrative judge found, absent an otherwise appealable action within the Board's jurisdiction, the Board lacks jurisdiction to decide the appellant's discrimination claims.[2] *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

---

[2] The appellant has submitted attachments to his petition for review. PFR File, Tab 1. Because they appear to be copies of documents from the record below, they are not new, and therefore do not provide a basis for review. PFR File, Tab 1; *see Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (determining that evidence that is already a part of the record is not new); 5 C.F.R. § 1201.115 (setting forth the Board's criteria for granting a petition for review).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law and other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:        _____
William D. Spencer
Clerk of the Board

Washington, D.C.